IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NISSIAN TRAVIS, | ) CASE: 15cv764 |
|     PLAINTIFF, | ) |
| | ) JUDGE |
| v. | ) MAG. JUDGE |
| | ) |
| MAE MCD, INC., | ) |
| SEVEN MCD., INC., | ) |
| MAE BERRY INC., | ) |
| TAYLOR & MALONE MGMT,INC. | ) |
| McDONALD'S CORPORATION, | ) |
| McDONALD'S USA, LLC., | ) |
| HENRY SHANNON, | ) |
|     DEFENDANTS. | ) |

**COMPLAINT FOR MONETARY DAMAGES**

**NATURE OF COMPLAINT**

Plaintiff is female. She alleges counts for 42 U.S.C. § 2000e violations. Additionally, Plaintiff pleads pendent state claims for Battery and Negligence. Plaintiff did experience a battery; as well, sexual harassment by one of Defendants' managers, a male, Henry Shannon. Said manager, a convicted felon and ex-convict with 23 criminal cases and 27 traffic cases, four for drugs, did pursue Plaintiff in [the] furtherance of having an intimate relationship with her. When Plaintiff rebuffed his advances, said manager physically accosted, her as well as physically forced himself on her.  The latter, having occurred when said manager found Plaintiff in an area away from others --she was washing dishes in a back area-- and [he] attacked her, attempting to "choke her out" [sic] in what Plaintiff perceived as an attempt by said manager to have sexual activity with her.

1

Plaintiff was successful in fighting off her attacker (said manager). Defendants were aware of sexual harassment of Plaintiff by the manager because of Plaintiff having complained to management of sexual harassment by Mr. Shannon. Defendants had to have been aware of Mr. Shannon's criminal past. Plaintiff alleges Defendants terminated her employment, and that McDonald's Corporate contributed to the termination thereof, in retaliation for Plaintiff having complained of the aforementioned conduct by said manager.

## JURISDICTION & VENUE

(1)    Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1337, and 42 U.S.C. § 2000e.  Pendent jurisdiction is had by way of 28 U.S.C. § 1367.

(2)    Venue is had through 28 U.S.C. § 1391(b)(1) & (2), defendants residing in this district.

## PARTIES

(3)    Plaintiff Nissian Travis is a legal adult and a resident of Cook County, Illinois. She was employed by Defendants (excluding Defendant Shannon) as a rank-and-file worker at two of their McDonalds Restaurant locations. Plaintiff was harmed by Defendants in Cook County, Illinois.

(4)    Defendant MAE MCD, INC., Inc. was one of the employers of Plaintiff.  Defendant operated a McDonald's restaurant designated by McDONALD'S CORPORATION, McDONALD'S USA, LLC. as [Store] "#812" with

2

a location of 7601 S. Vincennes Avenue, Chicago, IL 60620. Defendant has a principal place of business as **11322 S. HALSTED ST, Chicago 60628**. It was at the Vincennes Avenue location that Defendant's manager attempted to sexually batter Plaintiff.

(5) Defendant MAE BERRY INC is the new corporation name for MAE MCD, INC. (above) with a principal place of business as **11322 S. HALSTED ST, Chicago 60628**. Defendant harmed Plaintiff in Cook County, Illinois.

(6) Defendant SEVEN MCD., INC. Inc. with a principal place of business as **11322 S. HALSTED ST, Chicago 60628** was also the employer of Plaintiff on days when she was assigned by Defendant MAE MCD, INC. to another Chicago area location owned and operated by the two shareholders of MAE MCD, INC. namely Derrick Taylor and Cheryl Taylor, also the shareholders for SEVEN MCD., INC. Defendant harmed Plaintiff in Cook County, Illinois.

(7) Defendant TAYLOR & MALONE MANAGEMENT, INC with a principal place of business as **11322 S HALSTED ST, Chicago 60628**, was also the employer of Plaintiff according to representations by TAYLOR & MALONE MANAGEMENT, INC, to Plaintiff, during the preceding EEOC process.

(8) Defendant McDonald's Corporation is a Delaware corporation whose principal place of business is One McDonald's Plaza, Oak Brook, Illinois 60523. Its corporate system includes more than 35,000 restaurants, spanning all fifty states, including Illinois. McDonald's Corporation is the "franchiser" for

3

the other Defendants (excluding Defendant Shannon) subject to suit under Title VII, 42 U.S.C. § 2000e,

(9) Defendant McDonald's USA, LLC, a wholly-owned subsidiary of McDonald's Corporation, is a Delaware corporation whose principal place of business is One McDonald's Place, Oak Brook, Illinois 60523. Its corporate system includes more than 14,000 restaurants throughout the United States and Canada, most of which are franchised. McDonald's Corporation is the "franchiser" for the other Defendants (excluding Shannon) subject to suit under Title VII, 42 U.S.C. § 2000e.

(10) Defendant Henry Shannon (alias Markus Fields) accosted Plaintiff three times. Shannon is believed to be a resident of Cook County, Illinois. Shannon was an agent or employee of the other Defendants. Shannon harmed Plaintiff in Cook County, Illinois.

## FACTS

(11) The Plaintiff was an employee at franchised McDonald's restaurants in Chicago managed by the same shareholders, either Derrick Taylor or Cheryl Taylor or both. One such restaurant location at which Plaintiff was assigned (7601 S. Vincennes) was (past tense) owned and operated by "Mae MCD, Inc." (at one point in time) while the Plaintiff was assigned to the location.

(12) Another restaurant location (namely, 29 E. 87th Street) to which one or more of the Taylors or their agents caused Plaintiff to be assigned, is or

was owned and operated by "Seven MCD, Inc." (at one point in time) while the Plaintiff was assigned to the location.

(13)   Mae Berry Inc. was once Mae MCD, Inc. according to the Illinois Secretary of State website (supra., under Parties).

(14)   The Plaintiff as an employee or agent of Mae MCD Inc. was assigned to locations operated by franchisee TAYLOR & MALONE MANAGEMENT, INC.

(15)   McDonalds is a chain of fast-food restaurants, some owned and operated by the chain's corporate parents (McDONALD'S CORPORATION and McDONALD'S USA, LLC., combined, referred to "McDonald's Corporate") and others by franchisees. Together, both types of restaurants and McDonald's Corporate form a unified business system with uniform standards controlled by McDonald's Corporate in Oak Brook, Illinois.

(16)   McDonald's Corporate has control over nearly every aspect of its franchisee restaurants' operations. Though nominally independent, franchised McDonald's restaurants are predominantly controlled by McDonald's Corporate.

(17)   McDonald's Corporate exercises such control, supra., through its franchise agreement with franchisees; policies and manuals governing every aspect of restaurant operations.

(18)   McDonalds asserts in its Franchiser-Franchisee agreement that it (McDonald's Corporate) will and does demonstrate continual oversight of franchisees.  Such oversight includes comprehensive training of all restaurant

5

employees, from general managers to cooks; and involvement with hiring decisions.

(19) Plaintiff is female.

(20) Plaintiff was employed at McDonald's franchisees (supra.) for approximately three years. She was assigned duties at primarily at two McDonald's Restaurant locations.

(21) McDonald's Manager Henry Shannon, a convicted felon and ex-convict with 23 criminal cases and 27 traffic cases (four for drug use) pursued Plaintiff with intent of having an intimate (sexual) relationship with her.

(22) Plaintiff was physically battered pursuant to Mr. Shannon's pursuit of a sexual encounter, on property owned by Defendants McDONALD'S CORPORATION, and McDONALD'S USA, LLC.

(23) On April 18th, 2014, Mr. Shannon did pursue Plaintiff in [the] furtherance of having an intimate relationship with her. When Plaintiff rebuffed his advances, said manager laid in wait until he found Plaintiff in an area away from others --she was washing dishes-- and attacked her, this time initiating the attack by attempting to "choke her out" [sic] in what Plaintiff perceived as an attempt by said manager to have sexual activity with her. Plaintiff was successful in fighting off her attacker.

(24) Plaintiff complained to Defendants. Defendants did nothing and that once again Plaintiff was accosted by said manager (Shannon) on property owned by Defendants McDONALD'S CORPORATION, and McDONALD'S USA, LLC.

(25)   Plaintiff also contacted the police. Shannon, a convicted felon with a history of gun violence, was arrested, charged with having nonconsensual contact with Plaintiff.

(26)   Plaintiff reports that shareholder Cheryl Taylor expressed to her that she (Plaintiff) unnecessarily called the police, explaining that Plaintiff simply "should have left the store and called the office the next day."

(27)   Defendants were aware of sexual harassment of Plaintiff because of Plaintiff having complained twice to management of sexual harassment.

(28)   Plaintiff alleges Defendants terminated her employment in retaliation for having complained of conduct by Mr. Shannon.

(29)    Plaintiff did complain to the EEOC.

(30)    The instant\above captioned matter is filed within 90 days of receipt of a RTSL (right to sue letter).

## COUNT I: RESPONDEAT SUPERIOR

(31)   Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.  The facts section is to be read as Paragraph 1 of this count.

(32)   The aforementioned acts by Mr. Shannon were conducted in the scope of his employment and/or agency with all Defendants.  Therefore, Defendants, as principals, are liable for Mr. Shannon's actions under the doctrine of *respondeat superior.*

(33)   Said actions of the agent-employee of Defendants were intentional, willful and wanton.

   WHEREFORE, and that there is sought, judgment against all Defendants for actual, general, special, compensatory damages in the amount of $50,000 and further demands judgment for punitive damages in the amount of $50,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT II: VIOLATION OF 42 U.S.C. § 2000e-2, SEXUAL HARASSMENT (HOSTILE WORK ENVIRONMENT) (Does not apply to Df. Shannon)**

(34)   Plaintiff repeats, re-alleges, and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.  The facts section is to be read as Paragraph 1 of this count.

(35)   Plaintiff is a female and member of a protected class.

(36)   All Defendants –-through Mr. Shannon-- subjected Plaintiff to sexual harassment.

(37)   Plaintiff was sexually harassed.  The conduct of Defendant was severe and pervasive and not episodic.

(38)   Plaintiff complained to Defendants of sexual harassment.

(39)   Defendants did not make reasonable attempts to counteract its employee's or agent's misconduct.

(40) The harassing conduct maintained by Defendants was the proximate cause and substantial factor in causing Plaintiff's harm.

(41) Plaintiff's harm includes humiliation, pain and suffering, loss of employment and opportunities, loss of wages, legal costs, and "garden variety" [sic] stress.

WHEREFORE, and that there is sought, judgment against all Defendants for actual, general, special, compensatory damages in the amount of $50,000 and further demands judgment for punitive damages in the amount of $50,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT III: VIOLATION OF 42 U.S.C. § 2000e-3(a), RETALIATION
### (Does not apply to Df. Shannon)

(42) Plaintiff repeats, re-alleges, and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(43) Plaintiff engaged in [the] protected activity of complaining multiple times to management about Mr. Shannon's Title VII violative actions toward her. Plaintiff was then terminated as retaliation for complaining about Mr. Shannon's actions.

(44) The adverse action of termination by Defendant Mae MCD Inc. (esp.) (Mae Berry Inc. and Taylor-Walton, Inc.) was the proximate cause and substantial factor in causing Plaintiff's harm.

(45) Plaintiff's harm includes humiliation, pain and suffering, loss of employment and opportunities, loss of wages, legal costs, and stress.

WHEREFORE, and that there is sought, judgment against all Defendants for actual, general, special, compensatory damages in the amount of $50,000 and further demands judgment for punitive damages in the amount of $50,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT IV: Negligence (735 ILCS 5/2-1116) (Does not apply to Df. Shannon)

(46) Plaintiff repeats, re-alleges, and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(47) Defendants McDONALD'S CORPORATION and McDONALD'S USA, LLC. owed a duty to Plaintiff to insure that all other Defendants (excluding Shannon) did not hire a person (Shannon) whom a reasonable employer would have realized (based on Shannon's criminal record) was a danger to women.

(48) Defendants McDONALD'S CORPORATION and McDONALD'S USA, LLC. breached that duty when they failed to demonstrate oversight of the franchisees in issue, thus enabling Mr. Shannon to be hired and maintained on

10

the payroll even after notice to Defendants of violent conduct toward others by Shannon. Such breach was willful, wanton, negligent and reckless.

(49) Defendants McDONALD'S CORPORATION and McDONALD'S USA, LLC. breached said duty, supra., when they failed to cause the franchisees in issue to train managers as to how to respond to, and handle non-consensual "touchings" in the work place, thus enabling Mr. Shannon to accost Plaintiff to include Shannon's attempt to render Plaintiff unconscious by placing his hands on her neck and compressing her wind-pipe and that Plaintiff suffered physical pain as a result. Such breach was willful, wanton, negligent, and reckless.

(50) At said time and place of sexual harassment and physical attacks upon Plaintff's person, Defendants were licensed to do business in Illinois, and were engaged in the business making McDonald's food products available to consumers in Cook County, Illinois,

(51) At said time and place, Defendants' Mr. Shannon was an agent or employee of Defendants and was performing as a McDonald's manager in the course and scope of his duties as an agent or employee.

(52) All Defendants having failed to exercise due and as a proximate result of one or more of the foregoing negligent acts or omissions of Defendants, Plaintiff sustained injuries.

WHEREFORE, Plaintiff seeks from Defendants an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT V: BATTERY
### (Applies to Defendant Shannon)

(53) Plaintiff repeats, re-alleges, and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(54) Plaintiff did engage in the following non-consensual touching of Plaintiff: A. grabbed onto one of the arms of Plaintiff twice; and, B. Placed his hands onto the neck of the Plaintiff compressing the windpipe in an effort render her unconscious.

(55) Defendant Shannon was the proximate cause and substantial factor in causing Plaintiff's harm.

(56) Plaintiff's harm includes humiliation, pain and suffering, loss of employment and opportunities, loss of wages, legal costs, and stress.

WHEREFORE, Plaintiff seeks from Defendant an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County, Illinois.

Plaintiff hereby makes a Jury Demand.

s\CHRISTOPHER COOPER, PhD, ESQ., Lead Attorney for Plaintiff
LAW OFFICE OF CHRISTOPHER COOPER, INC.
79 W. Monroe, Suite 1213, Chicago, IL 60603 [or]
3620 West 80th Lane Merrillville, IN 46410
Tel: 312 473 2968; FAX: 866 334 7458 E-Mail: cooperlaw3234@gmail.com

Pursuant to 28 U.S.C. 1746, I, NISSIAN TRAVIS, being duly sworn on oath, state that I have read the foregoing Complaint and that I know the contents thereof to the best of my ability as a non-lawyer, and the same are true and correct to the best of my knowledge.

Plaintiff's Signature: s\*Nissian Travis* Date: 01.26.15